STUART BART AND JACQUELINE BART, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39955. Promulgated March 10, 1954.

*Jerome Landau, Esq.*, for the petitioners.
*Donald J. Fortman, Esq.*, for the respondent.

### OPINION.

MURDOCK, *Judge:* Stuart, as sole proprietor, was engaged in business as an advertising agent when the debt arose and when it became worthless. One of his clients was Physicians Publication, Inc., which employed him as an advertising agent in connection with the publication of its magazine. Through that client relationship he obtained other clients, some of whom advertised in the magazine. He ordered printing and made other commitments for Physicians Publication, Inc., in the course of his business. He had to advance money to the client to enable it to pay those and other operating expenses. He occasionally made similar advances to others in the course of his business. He advanced a total of $14,975.24 to Physicians Publication, Inc., of which $7,652.53 was repaid to him and the balance of $7,322.71 became worthless in 1947 when the client became insolvent

and ceased business. He advanced the money in an effort to retain the client on a profitable basis, to hold other clients' advertising in the publication of this one, and to maintain his credit standing and reputation as an advertising agent. The debt was proximately related to his business (*Robert Cluett, 3rd*, 8 T. C. 1178) and he is entitled to a deduction under section 23 (k) (1) rather than under (k) (4).

The fact that Stuart was a minority stockholder in Physicians Publication, Inc., and as such had an added incentive to make it successful does not prevent the debt from being a business rather than a nonbusiness one. He was employed and worked for the company only as an advertising agent, not as an officer. The Commissioner cites no authority and makes no sound argument which is contrary to the holding herein.

*Decision will be entered under Rule 50.*