Estate of Carolyn W. Libby, Deceased, by Albion D. T. Libby, Executor, and Albion D. T. Libby v. Commissioner.
Estate of Libby v. Commissioner
Docket No. 48003.
United States Tax Court
T.C. Memo 1955-180; 1955 Tax Ct. Memo LEXIS 152; 14 T.C.M. (CCH) 699; T.C.M. (RIA) 55180; June 30, 1955
*152 Upon the evidence, held: (1) That the petitioner is entitled to a nonbusiness bad debt deduction in the amount of $600. (2) That the petitioner is entitled to a deduction in the amount of $1,016.95 for depreciation of certain rental real estate owned by him. (3) That the cost of a grave stone purchased in the taxable year is not allowable as a medical expense deduction under the provisions of section 23(x) of the 1939 Code. Albion D. T. Libby, Esq., 274 South Burnett Street, East Orange, N.J., for the petitioners. John J. Hopkins, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined a deficiency in income tax for the year 1949 in the amount of $123. The questions to be decided *153 are as follows: (1) Whether petitioners are entitled to a deduction for a bad debt in the amount of $600. (2) Whether depreciation on rental real estate deducted by the petitioners was excessive to the extent of $985.43. (3) Whether $650 expended for a grave stone is deductible as a medical expense under section 23(x) of the 1939 Code. Other adjustments made by the Commissioner are not in issue. Findings of Fact Albion D. T. Libby and his wife, Carolyn W., deceased, resided in East Orange, New Jersey, during the taxable year 1949. A joint return was filed with the collector for the fifth district of New Jersey at Newark, New Jersey. Since the issues relate only to Albion D. T. Libby, he is referred to hereinafter as the petitioner. The petitioner is a patent attorney having his office in Newark, New Jersey. During the taxable year he was 74 years old. Beginning in December 1948 and continuing through September 1949, the petitioner advanced money in the total amount of $600 to Edward Moore, a client, to enable Moore to complete the design of a gasoline engine. All of the sums advanced were loans and were not gifts. Moore was about 82 years old in 1949, and in the latter part *154 of that year, he suffered financial reverses. Moore did not repay any part of the $600 to petitioner in 1949 or thereafter. Moore's indebtedness to petitioner in the amount of $600 became worthless in 1949. In 1942, the petitioner purchased improved real estate located at 178 Emmett Street, Newark, New Jersey, for $40,000. Of the total purchase price, the petitioner paid no more than $33,898.31 for the buildings on the property, and no more than $6,101.69 for the land. When the petitioner acquired the property, the buildings had a remaining useful life of 33 1/3 years. The property was rented by the petitioner during the taxable year. The petitioner is entitled to a deduction for depreciation for the year 1949 in the amount of $1,016.95. In his return for 1949, the petitioner claimed a deduction in the amount of $650, under "Medical and dental expenses", for the cost of his wife's grave stone. Opinion The first issue to be decided is whether the petitioner is entitled to a bad debt deduction in the amount of $600, under the provisions of sections 23(k)(1) or 23(k)(4) of the 1939 Code. The evidence establishes that the petitioner loaned Henry Moore a total of $600. Although *155 the evidence is not wholly satisfactory, we think petitioner has established that this debt was worthless by the end of 1949. The evidence does not establish, however, that the debt was directly related to and an incident of petitioner's legal practice, compare Stuart Bart, 21 T.C. 880 or that the petitioner was engaged in the business of lending money, so that the business bad debt provisions of section 23(k)(1) would be applicable. We hold that the petitioner is entitled to a deduction of $600 for a non-business bad debt under the provisions of section 23(k)(4) of the 1939 Code. The second issue to be decided is the amount of the depreciation deduction allowable for the property at 178 Emmett Street, Newark, New Jersey. The petitioner claimed a depreciation deduction in the amount of $1,825 in his return for the taxable year. The evidence shows that the buildings on the property in question were acquired by petitioner at a cost of not in excess of $33,898.31, and that they had a useful life of 33 1/3 years. On the basis of this evidence, we hold that the petitioner is entitled to a deduction for depreciation in the taxable year in the amount of $1,016.95. [1] The petitioner *156 claims that he is entitled to a larger deduction because the property was worth far more during the taxable year than his original cost. The petitioner relies on valuations of between $50,000 and $61,000 which were made by local taxing authorities. Petitioner's argument overlooks the well established rule that the depreciation deduction allowable for Federal income tax purposes is not determined by the varying year-to-year "value" of an asset, but by the cost or other basis of the property to the taxpayer. See sections 23(1), 23(n), 114(a), 113(b), and 113(a) of the 1939 Code. The final issue to be decided is whether petitioner is entitled to a medical expense deduction for the $650 which he expended during the taxable year for a grave stone. Section 23(x) of the 1939 Code states that the term "medical care" includes amounts paid "for the diagnosis, cure, mitigation, treatment, or *157 prevention of disease, or for the purpose of affecting any structure or function of the body (including amounts paid for accident or health insurance). * * *" A grave stone obviously does not fall within this definition. The respondent's disallowance of the claimed medical deduction is approved. Decision will be entered under Rule 50. Footnotes
1. The respondent originally determined that petitioner was entitled to a depreciation deduction of $839.57. At the hearing of this proceeding, however, the respondent conceded that petitioner's basis for depreciation and the useful life of the buildings were as set forth in the Findings of Fact.↩