ESTATE OF LAWRENCE M. WEIL, DECEASED, EDWARD H. KAVINOKY AND LUCILLE G. WEIL, EXECUTORS, AND LUCILLE G. WEIL, SURVIVING WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 60161.    Filed November 26, 1957.

*Edward H. Kavinoky, Esq.*, and *Arnold B. Gardner, Esq.*, for the petitioners.

*James J. Quinn, Esq.*, for the respondent.

OPINION.

BLACK, *Judge:* As noted in our preliminary statement the Commissioner, in his determination of the deficiency, disallowed $73,756.25 bad debts which petitioners had deducted in their joint return for 1950. The Commissioner's reason for this disallowance was, as stated in his deficiency notice, that the debt was not deductible because it was not a business bad debt.

The Commissioner at the hearing conceded that he erred in his determination to the extent of $9,500. The stipulation of facts which was filed shows that this $9,500 was due the petitioner by the California corporation for raw materials and merchandise which the petitioner had shipped to the California corporation during 1949 and 1950 and for which it had never paid the petitioner. This leaves in controversy $64,256.25, instead of the $73,756.25 originally disallowed by the Commissioner.

The Commissioner concedes that this $64,256.25 became entirely worthless in 1950. His only reason for determining its disallowance is that it was a nonbusiness bad debt under the provisions of section 23 (k) (4). Petitioners contend that the debt was a business bad debt within the meaning of section 23 (k) (1) and the deduction should be allowed in full.

These respective provisions of the Internal Revenue Code of 1939 have often been before our Court in cases which we have had for adjudication. They are familiar provisions of the statute, and it is not believed necessary to print them here. Suffice it to say that we think petitioners' contention should be sustained under such cases as *Robert Cluett, 3rd,* 8 T. C. 1178 (1947); *Stuart Bart,* 21 T. C. 880 (1954); and *J. T. Dorminey,* 26 T. C. 940 (1956). As said by the Court of Appeals for the Second Circuit in *Commissioner* v. *Smith,*

203 F. 2d 310, 311 (1953) : "Whether a particular loss or expense is incurred in a taxpayer's trade or business is a question of fact in each particular case. [Citing authorities.]" It seems clear to us from the facts embodied in our Findings of Fact that Weil's loans to the California corporation were, as we said in *Stuart Bart, supra* (p. 881) "proximately related to his business (*Robert Cluett, 3rd,* 8 T. C. 1178) and he is entitled to a deduction under section 23 (k) (1) rather than under (k) (4)."

The Commissioner clearly recognizes that the $9,500 which the California corporation owed Weil for raw materials and merchandise which Weil had sold and shipped to the California corporation was a business bad debt and he now concedes that it should be allowed as such. He continues to contend, however, that the remainder of the debt owed by the California corporation to the taxpayer, $64,256.25, should not be allowed as a business bad debt.

As we have already stated at the outset of this Opinion, we think the $64,256.25 still in issue was a debt proximately related to or connected with petitioner's Buffalo business. We do not think it would serve any useful purpose to repeat in this Opinion the facts upon which we base this conclusion. We think it is sufficient to say that in our opinion the loans which Weil made to the California corporation aggregating $64,256.25 were proximately related to or connected with his Buffalo business, and petitioners are entitled to have them deducted in full under section 23 (k) (1) and not deducted under the limitations prescribed by section 23 (k) (4).

The Commissioner in his brief strongly relies on *Commissioner* v. *Smith, supra,* which reversed *Weldon D. Smith,* 17 T. C. 135 (1951). We think that case is clearly distinguishable on its facts from the instant case. In the *Smith* case, *supra,* in holding that the debt which Smith held against Llenroc Farms, Ltd., a Canadian corporation, was a business debt as petitioner claimed and not a nonbusiness debt as the Commissioner contended, we said (17 T. C., p. 146) :

Petitioner was engaged in a number of business ventures, not only giving financial assistance, but also personally participating in the varied enterprises. As such, it was a part of his regular business.

In other words, our holding was to the effect that the taxpayer Smith was in the business of organizing and financing business corporations. The Court of Appeals for the Second Circuit did not agree with our holding and reversed us, holding that Smith's activities in organizing and financing other corporations did not constitute a business and he was not in the business of lending money.

In the instant case, petitioners' primary contention is that the loans which Weil made to the California corporation were proximately related to his business and on the facts detailed in our Findings of

Fact we have sustained that contention. There were no such facts present in the *Smith* case, *supra*, as those in the instant case upon which we have based our decision. For example, in the instant case petitioner sold from his Buffalo company to the California corporation raw materials and merchandise, and at the time the California corporation ceased business it owed the petitioner $9,500 for raw materials and merchandise which it purchased from the petitioner. The Commissioner concedes that this $9,500 was a business debt and is deductible in full. There were no such facts in the *Smith* case.

It is true that petitioners contend in the alternative that in the event we do not sustain them in their primary contention, nevertheless the decision should still be in their favor because Weil was in the business of organizing and financing other corporations engaged in similar activities to those of his sole proprietorship, the Buffalo company. In making this contention, petitioners argue that their situation in this respect was different from that which existed in *Commissioner* v. *Smith, supra*.

Having already decided in favor of petitioners based on their primary contention, we find it unnecessary to decide their alternative contention and we do not do so.

*Decision will be entered under Rule 50.*