OPINION. OppeR, Judge: We are unable to follow respondent’s contention that petitioner failed to show that any debt owing to him by Studios became worthless in 1949. The inadequacy of any available assets to satisfy the obligation is inescapable and no prior year is involved since the transactions did not occur until 1949. The proposition is, in fact, inconsistent with another contention by respondent that the debts were worthless when acquired and cannot accordingly be allowed as a deduction. This is a factor that requires more serious consideration. It is indeed difficult to understand how such considerable sums were risked with so little investigation, and, as ultimately developed, so small a prospect of recovery. But— it is not our province to inquire into the wisdom of the loan; it is only necessary for the petitioner to establish the fact that the amounts advanced were aa-certained to be worthless and charged off within the taxable year. [Holmes Ives, 5 B.T.A. 934, 936 (1926).] And this is not an instance where any other explanation than a bona fide business transaction is available. Cf. Walter J. Runyon, 8 T.C. 350 (1947). Petitioner had no financial interest in the corporation which obtained the funds, nor in its individual stockholders. Cf. George B. Markle, Jr., 17 T.C. 1593 (1952); Fred A. Bihlmaier, 17 T.C. 620 (1951). Nor was there any other personal relationship which would explain the advances. Cf. E. J. Ellisberg, 9 T.C. 463 (1947). Respondent’s further contention appears to us again to be inconsistent with what has just been said. Any conclusion that the petitioner was making a capital investment in a worthless enterprise is less believable than that he should lend it money, since at least the latter arrangement gave him some position of priority. Finally, if this was a debt, as we have determined that it was, it could not have been a nonbusiness bad debt. The only reason for its existence was a proximate, although perhaps overoptimistic, relation to the business of petitioner’s partnership and its worthlessness was the direct consequence of that situation.[1] Stuart Bart, 21 T.C. 880 (1954); Robert Cluett, 3rd, 8 T.C. 1178 (1947); J. T. Dorminey, 26 T.C. 940 (1956); Tony Martin, 25 T.C. 94 (1955). And it cannot be said here, as in cases involving incorporated enterprises, that the business of the corporation is not that of the stockholder. Cf., e.g., Wheeler v. Commissioner, 241 F. 2d 883 (C.A. 2, 1957), affirming a Memorandum Opinion of this Court. Petitioner, as the member of a partnership, was directly subject to tax on any business profits, sec. 181, 1939 Code, including those which the record here shows flowed directly from the contacts created by the advances. See Dwight A. Ward, 20 T.C. 332, 343 (1953), affd. 224 F. 2d 547 (C.A. 9, 1955). Under all the circumstances, we see no escape from the conclusion that these were bona fide debts, that they became worthless in 1949, and that they were deductible, and available for carryback, as business bad debts. To take account of a slight difference between the amount originally disallowed and that now stipulated to have been advanced, Decision will be entered wider Rule BO. Reviewed by the Court. Sec. 29.23(t)-6, Regs. 111. Non-Business Bad Debts.— * * * The character of the debt for this purpose is not controlled by the circumstances attending its creation or its subsequent acquisition by the taxpayer or by the use to which the borrowed funds are put by the recipient, but is to be determined rather by the relation which the loss resulting from the debt’s becoming worthless bears to the trade or business of the taxpayer. If that relation is a proximate one in the conduct of the trade or business in which the taxpayer is engaged at the time the debt becomes worthless, the debt is not a non-business debt for the purpose of this amendment.